HELEN WANEMA LAWRENCE, DEFENDANT, APPELLANT, v. THE STATE OF NEVADA, PLAINTIFF, RESPONDENT.

No. 3872

November 27, 1956.                    303 P.2d 704.

*Jones and Pursel,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George M. Dickerson,* District Attorney, Clark County, *Gordon L. Hawkins,* Deputy District Attorney, Clark County, for Respondent.

OPINION DENYING PETITION FOR REHEARING

By the Court, EATHER, J.:

On petition for rehearing the State has directed our attention to an erroneous statement in our opinion as to the facts established by the record. We stated that, following the divorce of the parties, the defendant continued to live in their home until ejected by deceased in January, 1954. The record shows that during this period of time she kept her clothing and personal effects in the home but, for the most part, was traveling and lived elsewhere, returning to the home occasionally. This error does not affect our decision.

The State directs our attention to the fact that certain of the matters which we stated the defendant had offered to prove were not rejected by the court but were admitted in evidence. The matters so specified were minor and

such correction would not affect our decision. The essentials of the defendant's offer of proof were never admitted in evidence.

The State contends that the offer of proof upon which defendant's assignments of error were based was a single, comprehensive offer in narrative form which included within it certain matters already admitted in evidence and other matters which were inadmissible; that under the circumstances it was not error to reject the offer in its entirety. However, as to the matters specified in defendant's assignments of error, the action of the court was not limited to the comprehensive offer of proof. Time after time the court rejected offered testimony relating to the divorce agreement of the parties, the collateral promises of the deceased with reference to the home, and the repudiation of those promises at the time defendant was ejected from the home.

The State contends that, in any event, such evidence was inadmissible for the reason that it related to occurrences which could not, as a matter of law, constitute provocation since they were entirely too remote from the time of the shooting; that acts of provocation to be relevant must be shown to exist at the time of the shooting. Our opinion, perhaps, was not clear in expressing the relevancy of such testimony.

The record establishes that the shooting occurred in conjunction with a dispute between the parties. Defendant testified as to that dispute as follows: "I told him he would have to make things right with me or we would go to court over it and he said to me, 'You won't live long enough to take this fraud suit to court. I'll certainly see to that.' I got out of the car and he was shaking me and I got hold of his arm. He said, 'Your body will be found out on the desert and people will be wondering what happened to you.' That's all I know."

The fatal dispute, then, related directly to the earlier differences between the parties, the nature of which was unknown to the jury. The extent of the provocation, the

state of defendant's mind, and the existence or lack of the wilfullness, deliberation, and premeditation necessary to first degree murder could not be determined without knowledge of the basis of the dispute. The defendant was entitled to have the jury determine whether the dispute "in connection with the former relation of the parties as shown by the excluded testimony furnished an adequate cause and brought about a condition of mind in appellant which would have reduced the homicide." Ward v. State, 96 Tex.Cr.R. 278, 257 S.W. 536, 538.

Petition denied.

MERRILL, C. J., and BADT, J., concur.